The Chancellor.
At the last term, James M. Porter, Daniel K. Allen, Andrew Parsons, J ohn Strader, junior, and CIi arles J. Ihrie, on behalf of themselves and others, creditors of the Morris Canal and Banking Company, filed their petition complaining of the proceedings of the receivers of the stockholders and creditors of the said company, and of their accounts of expenses and charges for services, settled and allowed by one of the masters of this court, and praying that the appointment of the receivers may be revoked and proper persons appointed in their stead.
Upon which petition, and on motion on behalf of the petitioners, an order was made that the creditors have leave to file exceptions to the report of the master, and that cause be shown on the first day of this term, why the prayer of the petitioners should not be granted, and other receivers appointed; and that a copy of the petition and order be served upon the solicitor of the complainants and on the receivers within ten days; and that the parties have leave to take affidavits, &c. An order to set down the cause at this term was also made. A motion is now made on behalf of the receivers, to discharge and vacate the orders so made.
These orders having been made ex fa/rte, at the peril of the movers, are to be considered without prejudice, and as if they were now originally sought.
The first objection is, that the receivers, being officers of the court, the report of the master upon their account cannot be excepted to, nor the items of the accounts considered; but that upon suggestion of parties aggrieved, the court will call upon the master to certify the principle upon which he acted.
Such is the practice in England, as appears in the case of Shewell v. Jones, 2 Simmons & Stuart, 170; 1 Con. Eng. Chan. 400; which likens the report of a master, upon receivers *430 ■accounts, to his report on taxation of costs, which requires no confirmation and cannot be excepted to.
But I cannot learn that such has been the practice in New- ■ Jersey, under the act to prevent frauds by incorporated companies, passed the sixteenth of February, eighteen hundred and twenty-nine, and in the absence of any practice to control me, I should hesitate to adopt the English practice.
From the proceedings and determination of the receivers, oui statute gives an appeal to the chancellor, who is to hear and determine the matter in a summary way, and make such order touching the same as shall be equitable and just. The complaint here is of the proceedings and determination of the master, upon which our statute is silent.
Upon looking into the papers in the cause, it appears that the ■order appointing the master was ex parte, and the proceedings before him ex pa/rte, without notice to any of the creditors or ■their solicitor.
We may, without any imputation of fraud on the part of the receivers, or of impropriety or negligence on the part of the master, readily suppose, that many items of this long account might have been allowed and passed by him, with great injustice to the creditors. If then, we can only inquire into the principle upon which he settled the account, without examining the items in any case, there may be a wrong without a remedy, and very great injustice without the means of redress.
It would seem proper then, that some mode of reviewing the proceedings of the master should be adopted; and I know of none better than that of filing exceptions; it is simple and convenient, and in conformity with the practice of this court in other cases, and of other accounting courts.
This too, seems to have been the view of chancellor Vroom, who, in the case of the Mechanics’ Bank of Philadelphia v. the Bank of New Brunswick, granted liberty to a creditor to make application for leave to appear by a separate solicitor, and file exceptions to the report of a master upon the receivers’ account.
*431 It was also the opinion of chancellor Dickerson, who in the same case afterwards made an order that cause be shown why a decree, confirming a report of- the master, “ should not be opened, and the creditors have leave to appear by their own solicitors and file exceptions to said report or take such other proceedings as may be deemed necessary or proper, to review and reconsider the said report, and the several items and charges therein stated, reported and allowed.”
It is, in my opinion, proper to review the proceedings of the master upon exceptions filed.
It is said by the counsel, that costs always follow exceptions, and that a creditor coming in is not allowed his costs, and thus, therefore, exceptions cannot be filed.
The only difficulty that I see in this syllogism is, that the second proposition of it is not true as applied to this ease.
The doctrine in Abell v. Screech, 10 Vesey, 355, cited by the counsel of the receivers, is, that a creditor is not allowed his costs of proving his original claims before the master.
And in Calvert on Parties to suits in Equity, 55, 6, (Law Lib.vol. 17,) it is laid down, “that costs out of the fund will be allowed to the creditor who files the bill, and not to those who come in before the master,” having reference clearly to the original claim.
But I see no reason why, under some circumstances, creditors complaining of the proceedings before the master in settlement of the receivers’ accounts, should not be allowed their costs, to be paid out of the fund, or by the receivers, at the discretion of the court.
It is also said, that the report of the master in such case needs no confirmation, and therefore no exceptions can be filed.
But if two cases are any indication of the practice upon this point, we have it in the case of the Mechanic's Bank of Philadelphia v. Bank of New-Brunswick, before referred to, and in this very case, where the report excepted to has been confirmed by decree.
*432 But another objection to these proceedings is, that the order to file exceptions was taken without notice.
It struck me at first as remarkable that it should be necessary to give notice of an application for leave to file exceptions, the objections to which would seem somewhat to involve the merits of the case; but on looking at the order of chancellor Vroom, before referred to, it is obvious that the exceptions were dismissed because they were filed by the exceptants’ solid:or, and the leave to be sought was to appear by a separate solicitor and take separate exceptions. ' The order of chancellor Dickerson was, that cause be shown why the defendants should not appear by their own separate solicitors.
And there is propriety in this; the solicitor in the suit is, sub modo, solicitor of all the creditors, and i£ he is to be superseded, it should be upon due notice at least to him.
The order, therefore, for leave to file exceptions in this case should be vacated and discharged, and the petitioners be permitted to take an order that cause be shown during the term why leave should not be granted to appear by separate solicitors, and file exceptions.
Objections have been raised to the petition, but I can see nothing fatal to it. It is signed by some of the creditors for themselves and others. Although it may not be good for the others, r.hia is no reason why it is not good for those who have signed.
The prayer of the petition is confined to the revocation of the appointment of the receivers, and for the appointment of others.
As to this, the parties may amend if they please. But I would prefer to see a more correct and formal petition filed.
Order discharging the rule for leave to file exceptions, and all proceedings under the said petition.